# Composite Exhibit A

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Wanda Burling</u>
 Plaintiff
          vs.
<u>Eagle Home Mortgage LLC, Lennar Corporation</u>
Defendant

II. **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

| | | |
|---|---|---|
| III. | **REMEDIES SOUGHT** (check all that apply): | |
| | ☒ Monetary; | |
| | ☐ Non-monetary declaratory or injunctive relief; | |
| | ☐ Punitive | |
| IV. | **NUMBER OF CAUSES OF ACTION: (   )** | |
| | (Specify) | |
| | <u>2</u> | |
| V. | **IS THIS CASE A CLASS ACTION LAWSUIT?** | |
| | ☐ Yes | |
| | ☒ No | |
| VI. | **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?** | |
| | ☒ No | |
| | ☐ Yes – If "yes" list all related cases by name, case number and court: | |
| VII. | **IS JURY TRIAL DEMANDED IN COMPLAINT?** | |
| | ☒ Yes | |
| | ☐ No | |

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Wil H Florin Esquire</u>     FL Bar No.: <u>337234</u>
    Attorney or party                                              (Bar number, if attorney)

<u>Wil H Florin Esquire</u>   <u>11/29/2018</u>
    (Type or print name)                                    Date

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

WANDA BURLING

    Plaintiff,

vs.                                           Case No.:

EAGLE HOME MORTGAGE, LLC,
f/k/a UNIVERSAL AMERICAN
MORTGAGE COMPANY, LLC,
a Florida Limited Liability Company;
and LENNAR CORPORATION, a
Foreign Profit Corporation,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, WANDA BURLING, by and through her undersigned counsel, and files suit against Defendant, EAGLE HOME MORTGAGE, LLC, f/k/a UNIVERSAL AMERICAN MORTAGE COMPANY, LLC, a Florida limited liability company, and states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) excluding interest and costs.

2.     Plaintiff, WANDA BURLING (hereinafter, "BURLING"), is a Florida resident living in Pinellas County, Florida.

1

3. Defendant, EAGLE HOME MORTGAGE, LLC, f/k/a UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC (hereinafter, "EAGLE"), is a Florida Limited Liability Company conducting business in Pinellas County, Florida.

4. Defendant, LENNAR CORPORATION (hereinafter, "LENNAR"), is a Foreign Profit Corporation licensed and doing business in the State of Florida.

5. Defendant, LENNAR, along with Defendant, EAGLE, was at all times material hereto a "joint employer" of Plaintiff, BURLING, as LENNAR retained for itself sufficient control over the terms and conditions of employment of the employees of EAGLE.

6. Alternatively, Defendants, LENNAR and EAGLE, were at all times material hereto a "single employer" of Plaintiff, BURLING, as the Defendants were highly integrated with respect to ownership and operations.

7. Alternatively, Defendant, LENNAR, was an "agent" of Defendant, EAGLE, as the latter delegated sufficient control of some traditional rights over employees to the former, or vice versa.

8. Venue is proper because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

9. Plaintiff, BURLING, began her employment with Defendants on or around May 11, 2016.

10. At all times material hereto, Plaintiff, BURLING, was employed by Defendants as the Senior Quality Control Manager.

11. As Senior Quality Control Manager, Plaintiff, BURLING's, job was to oversee the quality control department, the roles of which was to review lending activities to ensure

compliance with relevant state and federal laws and regulations using tools such as audits and document re-verification.

12. Throughout the course of her employment with Defendants, Plaintiff objected to numerous violations of law, rules, or regulations by Defendants which she observed as the Senior Quality Control Manager, including violations of the Real Estate Settlement Procedures Act ("RESPA"; also known as "Regulation X"; 12 CFR §1024 et seq.); the Truth in Lending Act ("TILA"; also known as "Regulation Z"; 12 CFR §1026 et seq.); the Equal Credit Opportunity Act ("ECOA"; also known as "Regulation B"; 12 CFR §1002 et seq.); and the False Claims Act (31 U.S.C. §§ 3729-3733).

13. When Plaintiff, BURLING, would bring to the attention of Vice President Rebecca "Becky" Moore the violations which she observed, Moore would respond with hostility, attacks on Plaintiff's character, and threats to terminate her employment if she did not fall in line.

## *SCHOENING LOAN*

14. In or around September 2016, Plaintiff, BURLING, began receiving calls from a Mr. Schoening, an elderly borrower of a reverse mortgage, who had felt that Defendants' loan originator with whom he had worked with was taking advantage of him and lying to him. The calls became more frequent in November 2016, when Plaintiff began receiving calls from him at least three times per week.

15. Mr. Schoening advised Plaintiff, BURLING, that he was advised by the loan originator that his appraisal would be a certain price, which he paid, but that he was thereafter told the appraisal would cost more and was forced to pay again.

16. In review of his file, Plaintiff, BURLING, found that his application was never completed properly and he was never sent the required disclosures or given information regarding fees, costs, or other information required under the Truth in Lending Act.

17. Additionally, funds were taken from the borrower before he signed an Intent to Proceed.

18. Upon further review of his file, Plaintiff, BURLING, found the loan originator was not licensed to do business in New York State, in violation of the Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE Act"; also known as "Regulation G") as well as New York Banking Laws Article 12-E-599-C.

19. The above conduct by Defendants was in violation of Regulation Z §1026.33; Regulation B §1002.9; and Regulation X §1024.7, 1024.8, 1024.12, 1024.20, 1024.32, and 1024.35.

20. Plaintiff, BURLING, reported the issues to Ms. Moore numerous times, to which Moore responded on multiple occasions that she wished the borrower had the knowledge to hire an attorney or take the issue to the New York State Banking Department. However, Moore also warned Plaintiff that she could not advise the borrower of the same unless she wanted to lose her job and be "blackballed" from the mortgage industry.

## *BROKERED LOANS*

21. On or around December 13, 2016, Plaintiff, BURLING, found a number of brokered loans for which the broker fee agreement and disclosures were not provided to the borrower, but a fee was still collected.

22. Defendant's conduct constituted violations of Regulation X §1024.7, 1024.14, 1024.15, and 1024.35; and Regulation Z §1026.36.

23. Plaintiff, BURLING, reported her findings to Ms. Moore and was told to drop the issue and that it would be taken care of, but to Plaintiff's knowledge the issue was never resolved.

## CONFLICTS OF INTEREST

24. On or around January 11, 2017, Plaintiff, BURLING, found four files in which the loan originator, the appraiser, and the processor were all related to one another.

25. The loan originator in these files gave a reference for the appraiser and never disclosed the relationship to the borrower.

26. These individuals were manipulating data as to qualify and approve the loans when they should not have been qualified. For example, the loan originators would add "reserves" to make it appear as though the borrower had more funds than they actually had. Similarly, the loan originators would also omit a debt the borrower had or add income from a part-time job the borrower no longer had. All of these practices fraudulently increased the likelihood of the borrower being approved for the loan.

27. The above conduct was in violation of Regulation Z §1026.42.

28. Plaintiff, BURLING, objected to this practice to Ms. Moore, who responded by telling Plaintiff to drop the issue and reminding her that the loan originator was a producer for Defendants, and advising that it was best she not investigate any further unless she "wanted a problem."

## ACES SYSTEM

29. Defendants used ACES as its audit software, one of the purposes of which is to allow for the relevant government agencies to monitor Defendants' activity.

30. Any loans that Defendants pulled for audit were placed into the ACES system. Each division of the quality control department would then examine their respective portions of the loans being audited.

31. It was Defendants' policy, however, to hide negative findings within the software by placing them in the "notes" section as opposed to the "reporting" section. This practice hid the findings from any government agency performing an audit on Defendant.

32. The above practice was in violation of the federal False Claims Act, 31 U.S.C. §§ 3729-3733.

33. When Plaintiff, BURLING, objected to this unlawful practice to Ms. Moore, she was told that if she wanted to keep her job she should let it go and do as Ms. Moore says.

### *LOANS IMPROPERLY CLOSED*

34. A number of loans had closed improperly as the borrowers had not had enough money to close the loans, and Defendants were hiding these findings from the federal government, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729-3733.

35. Plaintiff, BURLING, brought this to the attention of Ms. Moore and Senior Executive Kirk Parks.

36. In response to Plaintiff, BURLING's, objections, Ms. Moore and Mr. Parks advised her that she was to follow instructions and that Defendants' "numbers needed to look good" as the company was near its fiscal year-end.

### *RETALIATION*

37. Plaintiff, BURLING, was advised by Senior Management, including Ms. Moore, on numerous occasions to ignore the above violations which she objected to.

38. Moore specifically advised Plaintiff, BURLING, that she was not to contact the Federal Housing Administration (FHA) or Veterans Affairs (VA) if she had questions regarding compliance issues, including if she questioned or doubted Senior Management's instructions on how to handle such issues.

39. Moore advised Plaintiff, BURLING, on numerous occasions that Defendant, EAGLE, is known as the "Good Ol' Boy Group," that Senior Management did not like strong women, and to be careful as they were "after her."

40. Moore advised Plaintiff, BURLING, on numerous occasions that Florida is a "right-to-work" state and if Defendants didn't like something they could terminate Plaintiff without giving her a reason.

41. Moore also advised Plaintiff, BURLING, that if Defendants had to choose between Plaintiff and a loan originator who "may or may not follow the rules," they would always choose the loan originator as they are "producers" for the company.

42. On or around February 2, 2017, Moore brought Plaintiff, BURLING, to dinner, where she told Plaintiff that she should never again bring up the Schoening loan issue, the undisclosed broker loan issue, or the issue regarding the appraiser being related to the loan originator.

43. On or around February 7, 2017, Moore again told Plaintiff, BURLING, that Mr. Parks and Senior Management were not happy with Plaintiff, specifically because of her knowledge and directness and that the things she has been reporting were making them nervous.

44. On or around February 18, 2017, Moore told Plaintiff, BURLING, that Senior Management and the Regional Operations Managers (ROMS) did not like working with her, as they felt that she was only out to find things that they were doing wrong.

45. On March 1, 2017, Moore terminated Plaintiff, BURLING, for "poor job performance," despite the fact that Plaintiff (1) never received any disciplinary write-ups; (2) was given a 4.25/5.00 score on her January 6, 2017 performance review; and (3) received a 2.5% raise and a 20% bonus with her January 6, 2017 performance review for meeting the company's goals and requirements.

46. When Plaintiff, BURLING, pressed Moore to elaborate on her poor performance, Moore became irate and was unable to provide a direct answer.

47. Eventually, Human Resources Representative Missy Hargrove intervened and provided a contradictory reason for Plaintiff, BURLING's, termination, stating, "We do not like your management style, and we'll leave it at that."

## COUNT I
## FLORIDA PRIVATE WHISTLEBLOWER (EAGLE)

48. Plaintiff adopts and realleges Paragraphs one (1) through forty-seven (47) as if set out in full herein.

49. At all times material hereto, Defendant was an employer as defined by Fla. Stat. 448.101.

50. At all times material hereto, Plaintiff was an employee of Defendant, as defined by Fla. Stat. 448.101.

51. Plaintiff engaged in protected activity pursuant to Fla. Stat. 448.201 relating to Defendant's violations of law.

52. As a result of Defendant's conduct, Plaintiff is entitled to the following past and future damages:

    a. Back pay and benefits;

    b.    Interest on back pay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Attorneys' fees and costs.

## COUNT II
## FLORIDA PRIVATE WHISTLEBLOWER (LENNAR)

53. Plaintiff adopts and realleges Paragraphs one (1) through forty-seven (47) as if set out in full herein.

54. At all times material hereto, Defendant was an employer as defined by Fla. Stat. 448.101.

55. At all times material hereto, Plaintiff was an employee of Defendant, as defined by Fla. Stat. 448.101.

56. Plaintiff engaged in protected activity pursuant to Fla. Stat. 448.201 relating to Defendant's violations of law.

57. As a result of Defendant's conduct, Plaintiff is entitled to the following past and future damages:

    a.    Back pay and benefits;

    b.    Interest on back pay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff, WANDA BURLING, requests a jury trial on all issues so triable.

DATED this 29th day of November, 2018.

                                  **FLORIN ROEBIG, P.A.**

                                  **WIL H. FLORIN, ESQUIRE**
                                  Florida Bar No.: 0337234
                                  Primary Email:  WHF@FlorinRoebig.com
                                  Secondary Email: Lisa@FlorinRoebig.com
                                  **PARKER Y. FLORIN, ESQUIRE**
                                  Florida Bar No.: 0127139
                                  Primary Email:   PFlorin@FlorinRoebig.com
                                  Secondary Email:  Lisa@FlorinRoebig.com
                                  **TAYLOR D. ROEBIG, ESQUIRE**
                                  Florida Bar No.: 1002817
                                  Primary Email:   TaylorRoebig@FlorinRoebig.com
                                  Secondary Email:  Lisa@FlorinRoebig.com
                                  777 Alderman Road
                                  Palm Harbor, Florida 34683
                                  Telephone No.: (727) 786-5000
                                  Facsimile No.: (727) 772-9833
                                  Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

WANDA BURLING

    **Plaintiff,**

vs.                                         Case No.:

EAGLE HOME MORTGAGE, LLC,
f/k/a UNIVERSAL AMERICAN
MORTGAGE COMPANY, LLC,
a Florida Limited Liability Company;
and LENNAR CORPORATION, a
Foreign Profit Corporation,

    **Defendants.**
_____/

## S U M M O N S

THE STATE OF FLORIDA:
TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

    You are hereby commanded to serve this Summons and a copy of the Complaint in the above styled cause upon the Registered Agent for Defendant, EAGLE HOME MORTGAGE, LLC:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

    The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

Wil H. Florin, Esq., Parker Y. Florin, Esq. and Taylor D. Roebig, Esq.
Florin, Roebig, P.A.
777 Alderman Road
Palm Harbor, Florida 34683

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

    Witness my hand and the seal of said Court on <u>NOV 30 2018</u>, 2008.

                                          Clerk of the Circuit Court
                                          *alicia Dietz*
                                          _____
(SEAL)                           Deputy Clerk
                                  KEN BURKE CLERK CIRCUIT COURT
                                  315 Court Street
                                  Clearwater, Pinellas County, FL 33756-5165

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

WANDA BURLING

    **Plaintiff,**

vs.                                                   Case No.:

EAGLE HOME MORTGAGE, LLC,
f/k/a UNIVERSAL AMERICAN
MORTGAGE COMPANY, LLC,
a Florida Limited Liability Company;
and LENNAR CORPORATION, a
Foreign Profit Corporation,

    **Defendants.**
_____/

# S U M M O N S

THE STATE OF FLORIDA:
TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

    You are hereby commanded to serve this Summons and a copy of the Complaint in the above styled cause upon the Registered Agent for Defendant, LENNAR CORPORATION:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

    The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

Wil H. Florin, Esq., Parker Y. Florin, Esq. and Taylor D. Roebig, Esq.
Florin, Roebig, P.A.
777 Alderman Road
Palm Harbor, Florida 34683

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

    Witness my hand and the seal of said Court on __NOV 30 2018__, 2008.

                                                        Clerk of the Circuit Court

                                                         *alicia prietz*

KEN BURKE CLERK CIRCUIT COURT
315 Court Street                                       Deputy Clerk
(SEAL) Clearwater, Pinellas County, FL 33756-5165